UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RLJ PARTNERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY BEVERLY, HOWARD KARASIK, LESLIE BOCSKOR, WILLIAM HAYDE, *et al.*, <br><br> Defendants. | Civil Action No. <br><br> 19-8589 (MCA) (LDW) <br><br> **ORDER** |

**THIS MATTER** having come before the Court by way of plaintiffs' February 21, 2020 letter requesting additional time to find substitute counsel (ECF No. 30); and

**WHEREAS** defendants' motion to dismiss has been pending since November 8, 2019 (ECF No. 23); and

**WHEREAS** the Court granted withdrawal of plaintiffs' former counsel by order dated January 2, 2020 and gave plaintiffs until January 20, 2020 to secure new counsel and until January 31, 2020 to submit opposition to the pending motion to dismiss (ECF No. 27); and

**WHEREAS** plaintiffs submitted a January 14, 2020 letter requesting additional time to find substitute counsel (ECF No. 28); and

**WHEREAS** the Court granted plaintiffs' request and gave plaintiffs until February 21, 2020 to both secure new counsel and file opposition to the motion to dismiss (ECF No. 29); and

**WHEREAS** plaintiffs' February 21, 2020 letter requests a further extension of the deadline to secure new counsel until after April 15, 2020 (ECF No. 30); and

**WHEREAS** plaintiffs have had nearly two months to secure counsel and have already received an extension to respond to the motion filed on November 8, 2019 that has

now been pending for nearly four months;

**IT IS** on this **27th day of February, 2020**:

**ORDERED** that plaintiffs' request for a further extension until after April 15, 2020 is not supported by good cause and is therefore denied; and it is further

**ORDERED** that any opposition to the pending motion to dismiss shall be filed on or before **March 16, 2020** or the motion will be deemed unopposed; and it is further

**ORDERED** that, it appearing that several of the plaintiffs are entities that shall not appear *pro se*, and as "[e]xcept as otherwise provided…a business entity other than a sole proprietor shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State[,]" New Jersey Rule of Court 1:21-1(c), *see Ready Pac Produce, Inc. v. G.P. Borak Enterprises, LLC.*, No. CV 07-3402 (RBK), 2008 WL 11509905, at *2 (D.N.J. May 23, 2008), plaintiffs subject to the rule above shall have substitute counsel enter appearances on their behalf on or before **March 16, 2020** or default shall be entered without further notice; and it is further

**ORDERED** that the above deadlines shall be **FINAL**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve copies of this order on all plaintiffs.

_____
Hon. Leda Dunn Wettre
United States Magistrate Judge