<u>**CLOSING**</u>

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RLJ PARTNERS, et al.,** *Plaintiffs*, v. **JEFFREY BEVERLY, et al.,** *Defendants.* | Civil Action No. 19-8589<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Defendants Joseph Lucosky's and Brookman LLP's (together, the "Lucosky Defendants") Motion to Dismiss, ECF No. 23, Plaintiffs RLJ Partners', LW Associates', JTW Grow Services', Otis Fund's, Victor Wexler's, Joshua Wexler's, Leigh Wexler's, Rachel Wexler's, Rose Wexler's, and James Loures Jr.'s (collectively, "Plaintiffs") Complaint, ECF No. 1;

And it appearing that this is a shareholder derivative action alleging violations of the Securities Act as common law claims;

And it appearing that on November 8, 2019, defendants filed the Motion to Dismiss, ECF No. 23;

and it appearing that on November 27, 2019, then counsel for Plaintiffs RLJ Partners and Otis Fund, ("the Corporate Plaintiffs") and LW Associates, JTW Growth Services Victor Wexler, Leigh Wexler, Joshua Wexler, Rachel Wexler, Rose Wexler, and James J. Loures, Jr. ("the Individual Plaintiffs") moved to withdraw as counsel, Trautmann Cert. ¶¶ 3-4, ECF No. 25.1;

and it appearing that on January 2, 2020, the Magistrate Judge granted the Motion to Withdraw, directed the Individual Plaintiffs to either retain counsel or enter a <u>pro se</u> appearance by January 20, 2020, and directed the Corporate Plaintiffs to retain new counsel by January 20,

2020 or face dismissal of their claims, ECF No. 27, and directed all plaintiffs to file opposition to the pending motions by January 21, 2020;

and it appearing that on January 16, 2020, at Plaintiffs' request, the Magistrate Judge extended the deadline to retain counsel, enter appearances and to oppose the motion until February 21, 2020, ECF No. 29,

and it appearing that on February 27, 2020, at Plaintiffs' request, the Court denied Plaintiffs' request for an extension until April 15, 2020 given the previous extensions and the four month period that the motion to dismiss had been pending, but nonetheless extended that deadline to retain counsel, enter an appearance and oppose the motion to March 16, 2020 and made clear that failure to comply with the deadlines would result in dismissal;  ECF No. 31;

and it appearing that since the Court's February 27, 2020 Order, the Plaintiffs have not obtained new counsel, or, with respect to the individual defendants, filed notices of appearance pro se or opposed the pending motion;

and it appearing that Plaintiffs consist of six individuals, two sole proprietorships, and two partnerships, Compl. ¶¶ 36-45;

and it appearing that while the individuals and sole proprietorships may proceed in this court pro se, Shulman v. Facebook.com (Inc.), 788 F. App'x 882, 885 (3d Cir. 2019), the partnerships may only appear through counsel, Adesanya v. Novartis Pharm. Corp, 755 F. App'x 154, 159 (3d Cir. 2018) ("[w]hen a party is a corporation, partnership, or other organization or association, that party may appear and be represented only by a licensed attorney");

and it appearing that none of the Plaintiffs have complied with the Magistrate Judge's orders to either find new counsel in this action or enter notices of appearance pro se, or to oppose the pending motion to dismiss, despite two extensions of time in which to do so;

and it appearing that because Plaintiffs Otis Fund and RLJ Partners are both partnerships, Compl. ¶¶ 39, 41, they cannot appear except through counsel, Dougherty v. Snyder, 469 F. App'x 71, 72 (3d Cir. 2012), and because they have failed to do so, this action must be dismissed as to them, without prejudice;

and it appearing that given the remaining Plaintiffs' failure to comply with the Magistrate Judge's orders to either find counsel or appear pro se, the Court sua sponte considers whether dismissal for failure to prosecute is appropriate under Federal Rule of Civil Procedure 41(b);

and it appearing that under Rule 41(b), a court may dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order," Fed. R. Civ. P. 41(b), and that under the local rules of this District, a civil case that has "been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court," either on its on motion or on notice from the clerk, D.N.J. Civ. R. 41.1(a);

and it appearing that more than 90 days have now elapsed since the Magistrate Judge's deadline for Plaintiffs to either appear pro se or through new counsel;

and it appearing before sua sponte dismissing the action with prejudice, the Court must consider the six factors from Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), Nieves v. Thorne, 790 F. App'x 355, 357 (3d Cir. 2019);

and it appearing that the Court must therefore consider "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense," Poulis, 747 F.2d at 868;

and it appearing that the first four factors weigh in favor of dismissal without prejudice, first because the delay in either finding new counsel or appearing pro se is directly attributable to Plaintiffs, who requested extensions to find new counsel and were told by the Magistrate Judge that their failure do so by the deadline would result in default "without further notice," ECF No. 31 at 2, second, the Lucosky Defendants have been prejudiced, as they have filed a motion to dismiss this action, ECF No. 23, which has been held in abeyance while Plaintiffs sought new counsel, third, despite two extensions from the Court, Plaintiffs have not taken any steps whatsoever to advance this case, and fourth, these actions were willful, as Plaintiffs' former counsel sought to withdraw in November 2019, giving Plaintiffs ample time to either find and retain alternative counsel or determine whether to proceed pro se, and despite requesting extensions, ignored the Magistrate Judge's order;

and it appearing that under these circumstances, dismissal without prejudice is an appropriate sanction because alternate sanctions are unwarranted, monetary sanctions are unwarranted because no party has yet incurred any expense through Plaintiffs' failure to appear and would not cure the prejudice arising from Plaintiffs' failure to appear, and dismissal with prejudice is not warranted at this juncture;

and it appearing that the final factor, meritoriousness, is neutral here, as this action is in a very preliminary posture, and the Court has not received any adversarial briefing on any motion;

**IT IS** on this 22th day of June, 2020;

**ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**; The Corporate Plaintiffs have 30 days from the date of this Order to retain counsel, move to reinstate this Complaint and oppose the pending motion to dismiss, or the complaint as to them will be dismissed **WITH PREJUDICE.** The Individual plaintiff have 30 days from this order to file an appearance,

4

5

move to reinstate this Complaint and oppose the pending motion to dismiss, or the Complaint as to them will be dismissed **WITH PREJUDICE.**

    */s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**